(Superior Court of Cincinnati— Special Term.)

## DAVID HAMBURGER, GUARDIAN, v. ALEXIS DARUSMONT, INDIVIDUALLY, AND HERMAN HUESMAN AND ALEXIS DARUSMONT AS RECEIVERS OF THE BANNER BREWING CO.

---

It is the duty of the court to fix the compensation of a receiver appointed by the court, and an action will not lie to compel the reiver to fix the value of his services and direct the payment of the same to satisfy the claim of a judgment creditor of such receiver.

(Decided July 24, 1896.)

---

HUNT, J.

This cause comes before the court on demurrer to the petition.

The petition alleges substantially that on the 26th day of October, 1894, the plaintiff, David Hamburger, as guardian of Henry Kremsner, by the judgment of the Superior Court of Cincinnati, obtained a judgment against the defendant, Alexis Darusmont, for the sum of seventeen hundred ($1,700) dollars, with interest thereon at six per cent. per annum from the 26th day of October, 1894, and costs, which is wholly unsatisfied, and is a valid and subsisting judgment against the defendant, Alexis Darusmont; that the defendant is not the owner of any property, personal or real, upon which a levy of execution upon said judgment can be made sufficient to satisfy the judgment so obtained; that the defendant, Alexis Darusmont, and Herman Huesman, his co-defendant, were appointed. receivers of the Banner Brewing Company by this court on the 26th day of December, 1893, in cause No. 47537 of the Superior Court of Cincinnati; that there is now due and will become due and payable to the said Alexis Darusmont a large sum of money as his compensation as one of the receivers of the Banner Brewing Company.

The prayer of the petition is that the court may compel Alexis Darusmont to answer as to the value of his services as receiver; that the court may determine the amount due to the said Alexis Darusmont as his compensation; that the said receivers, Herman Huesman and Alexis Darusmont, may be ordered to pay to this plaintiff out of the funds in the hands of said receivers so much money as may be due to said Alexis Darusmont as may be necessary to satisfy the said judgment and the costs, and for such other and further relief as may be just and equitable.

There is a demurrer to the petition, on the ground that the facts stated do not entitle the plaintiff to any relief against these defendants, or either of them.

A receiver has been defined to be an indifferent person between the parties to a cause, appointed by the court to receive and preserve the property or funds in litigation pendente lite, when it does not seem reasonable to the court that either party should hold it. He is, indeed, an officer of the court, exercising his functions for the common benefit of all parties in interest. The fund or property intrusted to his care is regarded as being in custodia legis, for the benefit of whoever may finally establish title thereto. He has no powers other than those conferred upon him by the order of his appointment, or such as are derived from the established practice of courts of equity.

The property entrusted to a receiver by authority of law is intended for t e purpose of distribution among the creditors, and not among the creditors of those creditors. The court, in Commonwealth vs. Ffide & Leather Ins. Co. (119 Mass. 155,) says that to undertake to determine, as incidental to the administration of the estate of the corporation, the validity and equity of the claim of every creditor of a creditor of the corporation, would unreasonably embarrass and delay, the distribution of the estate and the settlement of the accounts of the receiver.

It is claimed that there is now due, and will become due and payable to the said Alexis Darusmont, a large sum of money as his compensation as one of the receivers of the Banner Brewing Company. In this country, as in England, no established rule has been fixed for determining the amount of compensation to be allowed receivers, and it is, from the nature of the case, quite impossible to establish an inflexible rule. (Heigh on Receivers, 3 E., page 783.) The governing principle in fixing compensation to be allowed in the management of the trust should be such a sum as would be a reasonable compensation for the services of a person competent to perform the duties of the receivership.

There is no provision under the statutes for the intervention of creditors of creditors, either in ordinary proceedings in insolvency or bankruptcy, or in proceedings in equity, for the sequestration of property and the appointment of receivers.

To compel the receiver to answer as to the value of his services, in order that any amount or demand by way of compensation should be subjected to the payment of a judgment claim against such receiver, might unreasonably embarrass and delay the administration of the trust. Courts of equity may entertain a bill by a creditor to reach and apply, in payment of its debtor, prop-

erty or rights of his debtor which can not be reached by attachment or taken in execution in a court at law against the debtor ; but this does not extend to property which is in the hands of officers of the law for distribution under proceedings provided by statute for that purpose. This principle may safely be invoked in this case.

It is true that the receiver is not properly a creditor of the fund committed to him for distribution, yet no part of the fund in his hands, as an officer of the law, should be subjected to the payment of any judgment rendered against him individually.

The demurrer will be sustained.

Paxton, Warrington & Boutet, for the demurrer ; J. E. Humphries, contra.