JONES v. MERCHANTS NAT. BANK OF BOSTON et al. GREGORY v. SAME. GREGORY v. BOSTON SAFE-DEPOSIT & TRUST CO.

(Circuit Court of Appeals, First Circuit. October 23, 1896.)

Nos. 181, 184, 185.

MONEYS PAID INTO COURT—DEPOSITARIES OF—PROCESS AGAINST.

Where moneys have been paid into court, and, pending litigation in regard thereto, have been placed, by order of the court, in the custody of its designated depositary, or of some other depositary, pursuant to the provision of Rev. St. § 995, such depositaries are in all respects as exempt from the process of the litigants as though the moneys had always remained in the personal custody of the court's immediate officials.

Appeals from the Circuit Court of the United States for the District of Massachusetts.

These were three bills, the first of which was filed by Charles F. Jones against the Merchants National Bank of Boston, the clerk of the circuit court, and his predecessor in office; the second by Charles A. Gregory against the Merchants National Bank of Boston and another; and the third by Charles A. Gregory against the Boston Safe-Deposit & Trust Company and another; complainants in each case claiming title to funds in the custody of the bank and trust company as depositaries of the circuit court, and praying that the same be paid over to them. Decree was rendered in favor of defendants in each case, and complainants appeal.

Francis A. Brooks, for Jones and Gregory.

Lewis D. Dabney, for Merchants Nat. Bank of Boston.

John Lowell and Thos. H. Talbot, for Boston Safe-Deposit & Trust Co. and Mary H. Pike.

Before PUTNAM, Circuit Judge, and WEBB and ALDRICH, District Judges.

PUTNAM, Circuit Judge. These three appeals can be considered together. The Merchants National Bank of Boston is a place of deposit of moneys paid into the circuit court of the United States for the district of Massachusetts under a standing order, entered May 21, 1868, of which the following is a copy:

"Ordered, that the Merchants National Bank of Boston be, and the same is hereby, designated as the place of deposit of all moneys paid into the registry of the circuit court of the United States for this district; and that all the moneys paid into the registry of said court be deposited by the clerk in said bank, to the credit of the said circuit court; and that no moneys so deposited be drawn or paid out except by the court, and on the checks of the clerk of the said court, approved by one of the justices of the said court; and that the clerk furnish said bank with a certified copy of this order."

Being a general order, the circuit court was bound to take judicial notice of it, and we must therefore treat these appeals as though it had been put into the record. At the argument some criticism was made of the expression it contains, "moneys paid into the registry of the circuit court," on the ground that it had peculiar, and indeed sole, reference to moneys paid in on the equity side; but section 995 of the Revised Statutes reads as follows:

"All moneys paid into any court of the United States, or received by the officers thereof, in any cause pending or adjudicated in such court, shall be forthwith deposited with the treasurer, an assistant treasurer, or a designated depositary of the United States, in the name and to the credit of such court: provided, that nothing herein shall be construed to prevent the delivery of any such money upon security, according to agreement of parties, under the direction of the court."

This was enacted after the order was entered, but the order has been continuously recognized and acted on by the court as answering its full requirements, no other standing depositary having been designated. In view of this fact, there can be no doubt that the deposit made in that bank, and in controversy in two of these appeals, must be regarded as made under the direction of the circuit court,

pursuant to the requirements of the statute, and that it must be treated as the fund of the court, as fully as though it were in the personal possession of its clerk, and therefore subject in all respects to its summary control and disposition, and entitled to protection in all particulars, in order that it may be free at all times for such disposition. Any interference with it, or with the bank where it is deposited, or attempt thereto, which would embarrass in any degree such control or disposition, or harass the bank, or put it to expense, by reason of its possessing the fund, unless the consent of the circuit court was first obtained, would amount, on plain principles of law, to an implied contempt, and, if persisted in understandingly, to an actual one.

The fund in the Merchants National Bank was originally paid into the common-law side of the circuit court, in satisfaction of a judgment recovered by the appellant Jones against one Swift on a note of $15,000; but by an order of the court on the equity side it was held to abide the result of an equity suit in which the appellant Gregory was the complainant. An order was entered in the latter suit as follows:

"Upon the petition of Mary H. Pike, executrix, filed in this cause, and with the consent of Swift and Butterfield, defendants in this cause, and of Thomas H. Talbot, attorney for Charles F. Jones in the suit at law of Jones v. Swift, No. 2,435 on the law docket of this court, it is ordered: (1) That defendant Stetson file the note of $15,000, referred to in the said petition, in the said action at law No. 2,435, of Jones v. Swift. (2) That upon the entry of judgment in the said action at law said Swift be directed to pay into the registry of this court the amount of said judgment (but without commissions, by consent of the parties herein named), and that said amount be held subject to the rights of the parties claiming said note, and to abide the decision of the court in this cause. (3) That upon the payment by said Swift into the registry of this court of the amount of said judgment, an order of satisfaction of said judgment be entered of record."

It is claimed that Talbot, thus named, was not Jones' attorney for the purpose of the order. if at all, and that the order itself was irregular and ineffectual. But it is wholly immaterial in these appeals whether the fund went into the Merchants National Bank from the law side of the court or from the equity side. It got there from the United States circuit court for the district of Massachusetts as money which had been paid into court, and under the sanction of the statute we have cited, and of the order of court already set out; and it was held by the bank as the agent and representative of the court for that purpose. Nothing more was required.

The Boston Safe-Deposit & Trust Company was never a standing depositary of the circuit court, but a fund was deposited there in pursuance of the spirit of the exceptive language found in the last clause of section 995 of the Revised Statutes, already set out. The same appellant, Jones, recovered another judgment against the same Swift, in the same circuit court, for $24,926.90, which Swift also paid into court. In the bill against this corporation, as also in his bill against the Merchants National Bank, Gregory alleges that Jones was only a nominal party representing Gregory's interest. This fund was paid in pursuant to an order of the court in the suit at law, as follows:

"Execution to be stayed ten days to give opportunity to defendant to pay amount of judgment into court. If paid in money to remain in court subject to order of court."

The circumstances under which the fund in the Boston Safe-Deposit & Trust Company, which fund is a part of that paid into court in the second suit against Swift, reached that corporation, appear by the following evidence of appellant Gregory, found in the record of the suit at bar brought by him against it:

"Int. It appears from the copy of record in action at law, No. 2,632, put in evidence by you in this case, that said Swift, on the 6th day of January, 1887, paid into court, or into the hands of the clerk of the United States circuit court, the sum of $24,926.90 in payment of satisfaction of the judgment previously recovered against him in the said action at law of Charles F. Jones. Please state, if you can, what became of that money, or of $24,000 thereof, and where the said $24,000 now is. Ans. Of such money so paid into court by Swift, $24,000 is now in possession of the defendant in this suit, the Boston Safe-Deposit & Trust Company. Int. What agency, if any, had you in placing this money in the hands of the defendant corporation, and for what reason did you seek to do this? Ans. My attorney and counsel, F. A. Brooks, applied to the officers of the defendant corporation to get them to consent to take this money on deposit, and to pay interest on it while on deposit, and he obtained their consent to do so. He then applied to the court to have it passed over to or deposited with said trust company, and it was done by order or permission of the court. It was done by my procurement, and for the purpose of obtaining interest on the money during the pendency of the controversy in regard to the ownership of the note upon or under which the judgment against Swift had been recovered."

Of course, the proper proof of an order of a court is a copy of the order itself; but no objection has been made on this score, and there is no doubt about the facts stated by Gregory. Therefore the fund in the Boston Safe-Deposit & Trust Company consists of moneys which had been paid into court, and were deposited under its special order to await litigation then pending. This deposit was permissible notwithstanding the statute, but it was not required by it; so it has only the sanction of the common law. But there arises from this no distinction, so far as these appeals are concerned, between this deposit and that in the bank; as, aside from certain regulations of statute as to the method of checking and vouching, the latter owes its protection, and the method of its disposition, to the same rules of the general law as the former. Independently of all statutory provisions, the plain and well-known principles of the general law, especially as administered in equity, furnish sufficient sanction and protection to each, and each is in all respects declared by the law to be as exempt from the process of the litigant, without the consent of the court first obtained, as though it had always remained in the personal custody of the court's immediate officials.

Although, in response to the propositions of the appellants, we have thus gone into the details showing that these two funds came into the custody of the respective depositaries pursuant to orders of the court, yet we are not to be understood as now impeaching the broad proposition that the essential position would be in all respects the same if it appeared only that the funds had been transferred from the court to the depositaries by the act of the clerk, under color of authority from the court, so long as the act of the clerk remained

without any disavowal by the court. The funds having been thus accumulated in the respective depositaries, the appellants, conceiving that they had an interest therein which had not been adjudicated to them, but without obtaining the leave of the court to proceed against them or the depositaries, and without any petition to the court asking leave to intervene in the usual way, filed these three bills, one against one of the depositaries, the present clerk of the circuit court, and his predecessor in office, one against the same depositary and a person in whose favor the circuit court had decreed an interest in the funds, and the third against the other depositary and also the same person named in the second. Each bill claims title to the respective funds, and prays direct relief against the respective depositaries in the particulars that they may respectively be decreed to pay the respective funds to the complainants; and the complainants took out subpœnas under the rule, and served them, as in the case of any litigious bill filed as of right.

Our attention has been called to the want of parties, but we prefer to put our decision on such grounds as will protect the depositaries of the federal courts in this circuit from all such attempts to harass them. We doubt not these bills were filed entirely in consequence of a zealous desire to seek a remedy for a supposed right, and with no purpose beyond that. Yet the occasion requires us, not to state at large why proceedings of this character are not tolerated by the law, but only to declare the rule, so that no one can hereafter excuse himself for not regarding it. The futility of all such bills is sufficient to defeat them, because, notwithstanding the pendency of one of them, the court having control of a fund may order the entire disposition of it summarily, thus leaving nothing for the bill to act on. A bill which can reach no result except by staying the ordinary and rightful exercise of the essential functions of the court is, by its character, so futile that it ought to be dismissed for that reason alone; but it is enough to say that the rule that bills of this sort will not be tolerated is so fundamental, and so necessary to the full exercise of judicial functions, that the reasons on which it rests need not be further stated.

We have now covered all which is necessary to the decision of these appeals, but, in view of the earnest arguments of the complainants' counsel, based on a supposed ground of recovery which was not presented to us on an appeal in the original cause, of which the pending appeals seem in some way to be outgrowths, it may not be out of place for us to observe that, if we were to permit the present bills to stand so far as concerns the objections we have considered, and were to assume that in other respects they were sufficient to put in issue the propositions which have been argued to us, we do not perceive that they could be effectual to give the complainants the relief they desire. In the principal cause referred to, the court had jurisdiction of the parties and the subject-matter of the controversy; and the judgment therein must, therefore, be taken as conclusive, in the absence of proceedings in the manner pointed out in the authorities cited in our opinion passed down this day in Gregory v. Pike, 77 Fed. 241. If a suitor, by misfortune or mistake, selects what

proves to be the weaker grounds on which to stand, rather than the stronger, he may, nevertheless, be concluded by the result, which may thus add itself to the many instances in which counsel, after an adverse decision, disturb themselves, often unnecessarily, with the reflection that, if the cause had been tried on different lines, defeat would not have followed.

In each case there will be entered the following order: The decree of the circuit court is affirmed, and the defendant corporation will recover its costs in this court against the appellants.