## FRYE–BRUHN CO. v. MEYER.

(First Division. Juneau. April 23, 1903.)

### No. 223.

JUDGMENT—OFFSET.

To offset one judgment against another there must be a money judgment on which an execution might issue, requiring the payment of a sum of money by the defendant in said action, or on which a levy might be made upon the property of the defendant in order to secure the payment of the judgment. A decree for the distribution of partnership funds in the hands of the court is not such a judgment as can be offset by a foreign judgment against defendant in favor of the plaintiff, former partners.

[Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 1671–1674.]

On March 21, 1902, the plaintiff filed its bill of complaint in this court, setting forth, in brief, that the Frye-Bruhn Company was a corporation, was the owner of a judgment against defendant obtained in the superior court of the state of Washington in and for the county of King in the sum of $3,140.10, and costs amounting to $26, with interest from June 28, 1899, setting forth in hæc verba the judgment that had been taken in said court. It was further alleged that on the 26th day of January, 1900, an execution was issued out of said superior court, requiring the sheriff of said King county to levy upon any of the property of the defendant in said county, and that on the same day the said execution was returned "No property

found." The complaint then sets up that the said Herman Meyer regularly commenced an action in the United States District Court for the District of Alaska, Division No. 1, against the said Frye-Bruhn Company, which cause was No. 849 on the docket of said court. That thereafter such proceedings were had that on the 21st day of March, 1902, the said Herman Meyer recovered a judgment against the defendant in said action 849 for the sum of 45 per cent. of $6,298, after paying the costs in said action. It is further alleged that said Meyer is insolvent, and has no property in the district of Alaska with which to satisfy said judgment, and has his property secreted in the name of other persons in order to defeat the rights of the plaintiff. That he is unable to find any property in the state of Washington or the jurisdiction of this court out of which to satisfy said judgment, or any part thereof. That the said Herman Meyer has threatened and will unless restrained by the order of this court have an execution issued out of said cause No. 849 in this court, and the property of the plaintiff levied upon to satisfy said judgment and costs, to a great and irreparable injury of plaintiff. Asks a temporary restraining order, praying generally that a restraining order and temporary injunction issue immediately herein, restraining the said Herman Meyer during the pendency of this suit from doing any of the acts complained of, etc., and especially from having such execution issue in said cause No. 849. That upon a final hearing of said matter the said judgment recovered by this plaintiff in the superior court aforesaid against said Herman Meyer be established and in all respects affirmed by this court, and that this plaintiff have judgment therein against the said Meyer for the sum of $3,140.10, together with costs amounting to $26, and interest on said judgment at the rate of 10 per cent. per annum from the 28th day of June, 1899, and that one of the judgments herein be offset against the other, or the payment of one be offset against the other, etc. The defendant

in this case thereafter and on the 10th day of April, 1903, filed his answer in the case and his answer to the order to show cause. In his answer the defendant denies all the equities stated in the plaintiff's bill; denies that a judgment was entered as alleged in cause No. 849; sets up a copy of the decree of the court in said cause No. 849, duly certified, and prays that the injunction, temporary or otherwise, as prayed by the plaintiff, be denied. The defendant in support of his answer to the order to show cause files an affidavit of John G. Price and also an affidavit of J. H. Cobb, one of the attorneys of Herman Meyer in the former cause No. 849, and also his attorney in this case, in which it is stated that Herman Meyer was the owner at the time this suit was brought of property at Skagway, Alaska, of the value of $14,800, and that all of said property stood in the name of Herman Meyer, and could have been reached by execution or other legal process. Thereafter the plaintiff filed his reply, in which he makes some denials of matters alleged in the answer, particularly denying a part of paragraph 1, page 2, of the answer except as to portions that might thereafter be explained in said reply. In the third paragraph of the reply admits that the certified copy of the decree in said cause No. 849, and made a part of the answer, is a true copy of the decree in said cause. Then follows what is called an "explanation" of matters referred to in the answer, in which are set forth copies of amended bill of complaint and answer to the amended bill in said cause No. 849. Then follows a general statement as to the proceedings in said cause No. 849, a copy of the report of the referee, a copy of the report of Special Master Charles A. Sehlbrede, showing the sale of certain copartnership properties under the order of this court and the payment of the fund created by such sale into the registry of this court; also a copy of the findings of the court in the same cause overruling certain findings of the referee therein who had taken the testimony, and making find-

ings upon the various questions presented in said action, show-ing the amount of the fund to be divided, the amount then in the hands of the court subject to distribution, and the con-clusions of law based upon said findings; and, after setting out all of these various matters, the plaintiff prays the relief demanded in its amended bill of complaint.

Winn & Shackleford, for plaintiff.

Malony & Cobb, for defendant.

BROWN, District Judge. Among the conclusions of law in said cause No. 849 it may be well first to call attention to No. 4, which is in the following language:

"That the complainant is not entitled to a money judgment against the defendant, and the defendant is not entitled to a money judgment against the complainant, as respectively prayed for in the bill and answer. * * *"

—And the further finding that the sum then in the hands of the clerk of this court forming the copartnership property not distributed "was the property of the copartnership at the time of the several acts of dissolution, and shall be divided between the parties to this action in the proportion of 45 per cent. and 55 per cent. respectively."

The pleadings and decree of the court in cause No. 849, as set-out in the plaintiff's reply, demonstrate beyond any question to the mind of this court that no judgment was ever entered in said cause No. 849, but that a decree was entered in that action requiring funds that were then in the hands of the clerk and in the depository of this court to be divided as copartnership property, as therein directed, viz., 45 per cent. to Meyer and 55 per cent. to the Frye-Bruhn Company. It is obvious that this was not a judgment for the payment of money by the Frye-Bruhn Company on which an execution could be issued. To offset one judgment against another there must be a money judgment on which an execution might issue requiring the

payment of a sum of money by the defendant in said action, or that a levy might be made upon the property of the defendant in order to secure the payment of the judgment rendered. In such a case, where such a judgment is entered that an execution might issue, there is no question whatever but what in an action by the defendant against whom such an execution might run such defendant, having a foreign judgment or demand as a general creditor at the same time against the plaintiff in said judgment, may upon a proper showing have an injunction to restrain the collection by execution of said former judgment until judgment might be obtained by the general creditor, and the offset properly effected, as prayed for in this bill. But in order to plead an offset there must be some debt that may be set off. In this case there is no debt owing by the Frye-Bruhn Company to Meyer as the result of said decree—nothing to be paid by the Frye-Bruhn Company to Meyer. The decree is for the division of copartnership funds then in the hands of the court. Under such conditions there can be no set-off, because there is no mutual debt; there was no other judgment requiring the payment of money by the general creditor.

This would seem, necessarily, to end any contention that the plaintiff might make, without any further consideration, of matters presented. But there is another proposition that seems to make the attempted proceedings here improper, and that is the nature of the proceeding itself. It is sought to restrain the distribution of a fund already in custodia legis, and to restrain proceedings under a decree entered in this court ordering such distribution. Of course, the execution of judgments may be restrained under some circumstances, where they have been obtained by fraud and the like; but to undertake to restrain the division of funds in a case where the entire matter has been disposed of by the decree of the court is in my judgment a reprehensible practice, and one that should not ordinarily, with-

2 A.R.—6

out the clearest reasons therefor, be allowed. Jones v. Merchants' National Bank, 76 Fed. 687, 22 C. C. A. 483, 35 L. R. A. 698.

The court does not, however, in any way indicate that the fund under the control of this court and in the depository thereof might not be reached in a proper proceeding. A suit in the form of a creditors' bill, wherein it is alleged that judgment had been obtained in this jurisdiction, execution issued, and no property found, the insolvency of the defendant, and the existence of the fund which might be properly subjected to the payment of the claim against the creditor, might reach the fund even in this case; but that is not this proceeding. No judgment has been obtained in this court, and the fundamental requisites of a creditors' bill are wanting in the case made by the pleadings herein.

From the views herein expressed, it necessarily follows the temporary injunction prayed for must be denied, and it is so ordered.