CHARLES A. GREGORY *vs.* BOSTON SAFE DEPOSIT AND TRUST COMPANY.

Suffolk.   March 20, 21, 1899. — May 19, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Money paid into United States Court and deposited with Trust Company —*
*Payment by Company under Order of Court — Liability to Action in State*
*Court — Jurisdiction.*

Where money, which was paid into the registry of the Circuit Court of the United States to await the determination of a suit pending there, afterwards is deposited with a trust company by order of the court, on motion of a party, and, upon the final determination of the suit, paid to the prevailing party in accordance with an order of that court, the trust company cannot be charged with the money in a suit brought in a State court, on the ground that the other court had no jurisdiction to make such order.

BILL IN EQUITY, filed September 22, 1898, in the Superior Court, to compel the defendant to account to the plaintiff for a sum of money received on deposit.   The defendant filed a plea to the bill, alleging that the money was deposited and paid out in accordance with certain orders of the Circuit Court of the United States.   At the hearing the plea was adjudged good, and the bill dismissed ; and the plaintiff appealed to this court.   The facts appear in the opinion.

*F. A. Brooks & A. S. Hall*, for the plaintiff.

*T. H. Talbot*, for the defendant.

KNOWLTON, J.   This case was set down for argument in the Superior Court upon the defendant's plea, which was admitted

to be true. The plea was held good, the bill was dismissed, and the plaintiff appealed.

It appears by the plea and the bill that a suit in equity was pending in the Circuit Court of the United States for the First Circuit, involving the ownership of two promissory notes. One of these notes, which was for $20,334.60 with interest, matured, and a suit was brought upon it in said Circuit Court by agreement of the claimants, and was prosecuted to judgment by their respective counsel acting jointly. The amount of the judgment, $24,926.90, was paid into court, and was held in the registry in satisfaction of the judgment, for the benefit of the party to whom it should be decided that the note belonged. Thereupon it was ordered by the court that this sum be transferred to the cause in equity which was brought to determine the title to the note, to remain subject to the order of the court in that cause. Afterwards the plaintiff in the present suit filed in the equity cause the following motion : " And now comes the complainant, and in view of the fact that there is a large sum of money in the registry of the court in this suit, which is bearing no interest, and that much time may elapse before it shall be finally determined to whom the said money lawfully belongs, moves the court that said fund may be deposited with the Boston Safe Deposit and Trust Company of the city of Boston, at a rate of interest of three per cent per annum. By F. A. Brooks, his solicitor." Upon this motion, on March 26, 1887, an order was made by the court as follows : " All parties in interest consenting, this motion is allowed to the extent that twenty-four thousand dollars is ordered to be deposited with said Boston Safe Deposit and Trust Company." On June 20, 1896, a final decree was entered in the equity cause that the remainder of the fund be paid to Mary H. Pike, the executrix of the original defendant, Frederick A. Pike, and on September 21, 1896, it was " ordered that the following property in the registry of the Circuit Court in this cause, deposited subject to the order of said court in the Merchants' National Bank of Boston, and in the Boston Safe Deposit and Trust Company, amounting in all," etc., which included the deposit now in question, be paid over to said Mary H. Pike:

The plaintiff contends that the court had no jurisdiction to

make this order. But we see no good ground for this contention. The money came into the registry of the court in the cause in equity, apparently with the consent of all parties. It was deposited with the defendant, subject to the order of the court, upon the plaintiff's motion. The defendant has lawfully paid it out in accordance with the order of the court, and the defendant cannot now be charged with it in a suit brought in a State court. The doctrine stated in *Gregory* v. *Merchants' National Bank*, 171 Mass. 67, and in another case between the same parties in 76 Fed. Rep. 683, is decisive of this case.

*Decree affirmed.*