COLUMBIAN BOOK COMPANY *vs.* J. A. DE GOLYER & others & trustees.

Suffolk.   March 13.— April 4, 1874.   COLT & ENDICOTT, JJ., absent.

After receivers of an insurance company, established by the laws of this Commonwealth, have been appointed and an injunction issued, under the Gen. Sts. c. 58, § 6, neither the corporation nor the receivers can be charged by trustee process.

CONTRACT, for goods sold and delivered, commenced by trustee process. In the Superior Court the following facts were agreed :

" The writ was dated October 5, 1872, and returnable at January Term, 1873. The defendants were described in the writ as ' J. A. Golyer and E. S. Golyer, copartners, doing business under the name of the Union Publishing Company, in Chicago, State of Illinois.' The trustees were described in the writ as ' The Hide and Leather Insurance Company, a corporation duly established and having a usual place of business in said Boston, of which Chester I. Reed, John W. Cartwright, and Oliver H. Cole, are receivers, all having their usual place of business at said Boston.' Service was made upon the trustees October 7, 1872, and again December 2, 1872, but no other service of the writ has been made.

" The said Insurance Company has been insolvent since October, 1871, and the said Reed, Cartwright, and Cole, were appointed receivers under the Gen. Sts. c. 58, § 6, by the Supreme Judicial Court, on December 2, 1871, to take possession of its

property, and, thereupon, took such possession. J. A. De Golyer and E. S. De Golyer, of said Chicago, were creditors of said insurance company, having an allowed claim of $1500 against it, upon which a dividend of thirty per cent. was paid to them February 5, 1872, by said receivers. No further dividend upon said claim was ordered or declared until June 21, 1873, when a dividend of ten per cent. upon all claims was allowed against said insurance company. The amount of said dividend due to said J. A. & E. S. De Golyer is $150, and it has not been paid. The said Chester I. Reed, having died in August, 1873, James C. Davis was appointed one of the receivers of the said Company in his place. · Answers were made in the cause by the trustees in accordance with this statement.

" On December 8, 1873, on motion of the plaintiffs, the writ was amended, 1st, by striking out the name of Chester I. Reed, one of the trustees when the suit was brought, and by inserting the name of James C. Davis, who had since been appointed in his place ; and, 2d, ' by amending the name of the defendants so that that they will read J. A. De Golyer and E. S. De Golyer.' And, thereupon, notice was ordered to be given to the defendants by the publication of an order, to appear at January Term, 1874, and the said order was thereafter duly published. The defendants have not made any appearance and they have been defaulted."

On the foregoing facts the Superior Court discharged the trustees, and the plaintiff appealed to this court.

*G. W. Morse*, for the plaintiff. 1. The company would be liable as trustee of its creditors before the appointment of receivers, even after the injunction against its continuing business. The appointment of receivers is within the discretion of this court; and the exercise of this discretion does not change the rights or relation of the parties. Gen. Sts. *c.* 68, §§ 35, 37. *Foster* v. *Essex Bank*, 16 Mass. 245. The receivers have power to " do all acts which might be done by such corporation if in being, that are necessary for the final settlement of the unfinished business of the corporation." Gen. Sts. *c.* 68, § 37.

2. The corporation has such an existence after the injunction and decree of dissolution that judgment may legally be entered against it in a case where it is the principal defendant. Then why may it not be adjudged a trustee ? *Hubbard* v. *Hamilton*

*Bank*, 7 Met. 340. The corporation is still debtor to the principal defendants, and the receivers are but agents appointed by the court to marshal the assets which belong to the creditors.

3. Even if the court should decide that the receivers and not the corporation are summoned as trustees in this case, they are not public officers within the principle that such officers cannot be charged as trustees. Gen. Sts. *c.* 142, § 24. *Wendell* v. *Pierce*, 13 N. H. 502. *Folger* v. *Columbian Ins. Co.* 99 Mass. 267. *Cutter* v. *Perkins*, 47 Maine, 557. Have the trustees goods, effects or credits of the defendants intrusted or deposited in their hands or possession ? If so they should be held to respond to the final judgment, and the legislature, by its various enactments contained in the Gen. Sts. *c.* 142, §§ 21–25, evidently intended to include receivers of insolvent corporations as well as assignees, if they were not already amenable to the process. *Adams* v. *Barrett*, 2 N. H. 374.

*J. C. Davis*, for the trustees.

GRAY, C. J. We need not consider whether, by the description in this writ, the corporation, or the receivers of its property, or both, are alleged to be trustees of the principal defendants ; because we are of opinion that, assuming both to be duly summoned, neither can be charged ; not the corporation, because by the decree of this court, made before the suing out of this writ, all its property had been put into the hands of receivers, and the corporation put under injunction against continuing business, and it had therefore no lawful authority to pay its debts ; not the receivers, because the property which they hold had been intrusted to and deposited with them, not by the act of the party, but by authority of the law, and the law allows no persons, so holding funds, to be charged by the trustee process, except executors and administrators, and assignees under the insolvent acts. Gen. Sts. *c.* 58, § 6 ; *c.* 142, §§ 21, 22, 23, 31. *Colby* v. *Coates*, 6 Cush. 558. *Thayer* v. *Tyler*, 5 Allen, 94.

In *Hubbard* v. *Hamilton Bank*, 7 Met. 340, the attachment was made before the filing of the bill upon which the receivers were appointed. And in *Folger* v. *Columbian Ins. Co.* 99 Mass. 267, the appointment of receivers was made in another state, and did not transfer to them the property of the corporation in this Commonwealth as against attachments made here by our own citizens.

If the plaintiffs in this case can, by any form of remedy, have the property of the corporation applied to the payment of the debt due to them from one of its creditors, it can only be by petition in equity in the cause in which the receivers were appointed. *Atlas Bank* v. *Nahant Bank*, 23 Pick. 480. *Hills* v. *Parker*, 111 Mass.                              *Trustees discharged.*