COMMONWEALTH, by Insurance Commissioner, *vs.* HIDE AND LEATHER INSURANCE COMPANY. Columbian Book Company, petitioner.

Suffolk.   November 16. — 17, 1875.   WELLS & COLT, JJ., absent.

After receivers of an insurance company, established by the laws of this Commonwealth, have been appointed, and an injunction issued, under the Gen. Sts. *c.* 58, § 6, a petition in equity cannot be maintained by a creditor of a creditor of the company to reach, and apply to the payment of the petitioner's claim, the funds belonging to the creditor of the company in the hands of the receivers.

PETITION IN EQUITY, filed May 2, 1874, alleging that the plaintiff is a corporation established under the laws of Connecticut, and doing business in that state; that J. A. & E. S. De Golyer, copartners, doing business under the name of the Union Publishing Company in Chicago, in the State of Illinois, are indebted to the plaintiff in the sum of $215, for goods sold and delivered to them by the plaintiff; that the Hide & Leather In-

surance Company is insolvent, and that James C. Davis is the receiver thereof, by appointment of this court; that the said Hide & Leather Insurance Company was indebted to J. A. & E S. De Golyer at the time of the appointment of the receiver, and that the receiver has in his hands, goods, effects and credits of J. A. & E. S. De Golyer.

The prayer of the petition was that the court would order the receiver to pay from the funds in his hands, belonging to J. A. & E. S. De Golyer, a sum sufficient to satisfy the claim of the petitioner, if there was so much in his hands after deducting his costs.

The answer of the receiver admitted that there was in his hands, at the time of service upon him, the sum of $225 of dividends declared upon a claim duly proved by J. A. & E. S. De Golyer against the Hide & Leather Insurance Company; and alleged that before the filing of the petition E. S. De Golyer had been duly adjudicated to be a bankrupt, and that on February 10, 1874, all his property was duly assigned to J. Edwards Fay, of Chicago, who was appointed his assignee; and that Fay had, before the filing of the petition, demanded of him the said dividends; and that after the filing of this petition, Fay had filed with him a paper dated August 27, 1874, and purporting to be signed by J. A. De Golyer, assigning to said Fay, as such assignee, all the interest of J. A. De Golyer in said dividends.

At the hearing, before *Endicott,* J., the above facts alleged in the answer were admitted by the petitioner.

The judge ruled that the funds in the hands of the receiver could not be reached by this method, and ordered the petition to be dismissed; and the petitioner appealed.

*G. W. Morse & Z. S. Arnold,* for the petitioner.

*J. C. Davis, contra.*

GRAY, C. J. In *Columbian Book Company* v. *De Golyer,* 115 Mass. 67, it was decided that the receivers of this insurance company were not chargeable as trustees in an action at law against one of its creditors; and that the question, whether the plaintiff in that action had any claim upon the property in the custody of the receivers, could only be tried on a petition upon the equity side of the court in the cause in which the receivers were appointed.

Such a petition has now been presented, and, upon considera·tion, we are of opinion that the reasons are quite as strong against granting the prayer thereof. The property of the corporation is entrusted to the receivers by the authority of the law, for the purpose of distribution among the creditors of the corporation, not among the creditors of those creditors. To undertake to determine, as incidental to the administration of the estate of the corporation, the validity and equity of the claims of every creditor of a creditor of the corporation, would unreasonably embarrass and delay the distribution of the estate and the settlement of the accounts of the receivers.

In ascertaining the amount due to any creditor of the corporation, the court will indeed follow, as far as practicable, the rule established by statute in proceedings in insolvency or bankruptcy. *Commonwealth* v. *Shoe & Leather Dealers' Ins. Co.* 112 Mass. 131. But no statute provides for the intervention of creditors of creditors, either in ordinary proceedings in insolvency or bankruptcy, or in proceedings in equity for the sequestration of property and the appointment of receivers. The provision of the Gen. Sts. *c.* 142, § 23, allowing assignees of an insolvent debtor to be summoned as his trustees in a common law process of foreign attachment, does not (as has already been decided in the case of this petitioner in 115 Mass. 67) apply to receivers, and cannot be extended by analogy. The clause of the Gen. Sts. *c.* 113, § 2, which gives this court jurisdiction in equity of a bill by a creditor to reach and apply, in payment of his debt, property or rights of his debtor, which cannot be come at to be attached or taken on execution in a suit at law against the debtor, does not extend to property which is not in the control of the debtor, nor put by him into the custody of a third person, but which is in the hands of officers of the law for distribution under proceedings provided by statute for that purpose.

*Order affirmed.*