SOMERVILLE P. TUCK vs. JEROME F. MANNING & another.

EDWARD HOLMES vs. JEROME F. MANNING & others,
Somerville P. Tuck, petitioner.

SAMUEL W. SOPER & another vs. JEROME F. MANNING
& another, Somerville P. Tuck, petitioner.

Suffolk.    April 2, 1889. — November 29, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, C. ALLEN, HOLMES,
& KNOWLTON, JJ.

*Equitable Attachment — Exemption of Fund in Court — Lien — Assignment.*

A bill in equity was brought in this court by the payee of a draft to compel its
delivery to him by the defendant, who had a lien upon it. The plaintiff, as
ordered by the court, deposited a sum of money with the clerk, and received the
draft, and the clerk was directed to pay over a part of the fund to the defendant
to cover his lien. Before such payment to the defendant a creditor of his, who
had neither an assignment of the defendant's interest in the fund nor a lien
thereon, brought a bill in equity against him and the clerk, and filed a petition
in the original suit, to reach and apply such interest in payment of his debt.
*Held*, that the bill and petition must be dismissed.

THE first case was a bill in equity, filed January 24, 1887,
by Somerville P. Tuck against Jerome F. Manning and John
Noble, to reach and apply in payment of a debt due from Man-
ning to Tuck the interest of Manning in certain funds paid by
the plaintiffs in the second and third cases to Mr. Noble as clerk
of this court, and still held by him, and the second and third
cases were bills in equity pending in this court, in each of which
petitions were filed by Tuck, on February 1, 1887, for the same
relief.

The cases were heard together by *Devens*, J., and reserved
for the consideration of the full court, in substance as follows.

Tuck, when he filed his bill in the first case and the petitions
in the second and third cases, held a promissory note signed by
Manning. The second and third cases were brought against
Manning and others by the payees of drafts held by Manning,
and upon which he had liens for professional services, to compel
him to deliver up the drafts to them. The plaintiffs, as ordered
by the court, paid certain sums of money to Mr. Noble as clerk of

this court upon the delivery of the drafts by Manning to them. These sums of money continued to be held by Mr. Noble subject to the order of the court, and decrees were entered in those cases ordering portions of such sums to be paid to Manning to cover and discharge his liens. Before Manning had received the payments from Mr. Noble, Tuck filed his bill in the first case, in which he described the second and third cases, against Manning and Mr. Noble, to reach and apply to the payment of this note the right, title, and interest of Manning in such sums of money. He also filed petitions in those cases asking that the payment of money to Manning by the clerk might be stopped, and that he might have such relief as he was entitled to. Some time after the bill and the petitions were filed, Tuck recovered judgment in the Supreme Court in the State of New York against Manning on the promissory note, in an action thereon which was pending when his bill and petitions were filed, and he was permitted to amend his bill by setting out this judgment.

*L. D. Brandeis*, for the plaintiff and petitioner.

1. The question presented is one of the power of the court. This bill in equity, and the petitions filed in the causes in which the money was paid into court, are the only conceivable remedies applicable to the case. The power of courts to apply the property of the debtor to the payment of his debts is limited by two classes of exemptions only. The first class consists of exemptions arising from the inherent nature of the property, regardless of its quantity, situation, or application. See *Stone* v. *Boston & Maine Railroad*, 7 Gray, 539; *Rice* v. *Stone*, 1 Allen, 566, 569; *Moore* v. *New York*, 8 N. Y. 110. This class of exemptions has its origin in the policy of the law, which forbids an assignment of such property, because the property is of a nature with which the individual should not be allowed to part, or which another should not be allowed to acquire. The second class consists of the statutory exemptions of property, which are all of property by its nature assignable and applicable to the payment of the owner's debt. The immunity extends only to property of limited amount and of specific application. It is believed that these two classes include all absolute exemptions known to the law. Others are

but limitations of special modes of procedure, and raise questions of adjective, not of substantive law.

2. After the case of *Wilder* v. *Bailey*, 3 Mass. 289, the broad rule was laid down that no person deriving his authority from the law, and obliged to execute it according to the rules of law, could be held by a trustee process. Following this decision, it was held in many cases that such a person could not be adjudged a trustee. See *Chealy* v. *Brewer*, 7 Mass. 259; *Barnes* v. *Treat*, 7 Mass. 271; *Brooks* v. *Cook*, 8 Mass. 246; *Gassett* v. *Grout*, 4 Met. 486; *Colby* v. *Coates*, 6 Cush. 558; *Robinson* v. *Howard*, 7 Cush. 257; *Morris* v. *Penniman*, 14 Gray, 220; *Thayer* v. *Tyler*, 5 Allen, 94; *Columbian Book Co.* v. *De Golyer*, 115 Mass. 67.

The reason for these restrictions upon the operation of a trustee process by the Rev. Sts. c. 109, § 30, as declared in these decisions, was not the desire to create an immunity or sanctuary for the particular kinds of property therein referred to, or of property so situated, but the fact that those cases presented complications with which the rigid processes administered by common law courts were unable to cope in such a way as to protect the interests of all parties; and hence the simple expedient of prohibiting the use of the processes altogether in such cases was resorted to. When, however, the St. of 1851, c. 206, and the St. of 1858, c. 34, gave to the creditor a standing in a court of equity, the flexibility of its remedies rendered it possible to enforce the policy of the law of applying such property toward the payment of debts without imperilling the interests of others affected thereby, and the limitations upon the operation of the trustee process specified by the statute were corrected by resort to a court of equity.

Thus bills were maintained to reach liabilities on negotiable paper not yet due (*Silloway* v. *Columbia Ins. Co.* 8 Gray, 199, and *Davis* v. *Werden*, 13 Gray, 305); to reach debts dependent upon a contingency (*Lord* v. *Harte*, 118 Mass. 271, and *Anthracite Ins. Co.* v. *Sears*, 109 Mass. 383); to reach the liability on a judgment, although the judgment debtor was still liable to execution. *Rice* v. *Stone*, 1 Allen, 566. See *Moody* v. *Gay*, 15 Gray, 457; *Crompton* v. *Anthony*, 13 Allen, 33; *Barry* v. *Abbot*, 100 Mass. 396; *McCann* v. *Randall*, 147 Mass. 81.

It was found expedient to widen the scope of the trustee process, even at law, by extending it to executors and administrators (Rev. Sts. c. 109, § 62) ; to assignees in insolvency for dividends already declared (St. 1858, c. 40) ; and to receivers after an order of distribution.  St. 1881, c. 123.

The reasons which induced the court to apply their equitable process to reach in payment of debts property as to which it had been expressly provided by the Rev. Sts. c. 109, § 30, cls. 1, 4, 5, that a person should not be adjudged a trustee, apply with equal force to the limitations created by cls. 2, 3, and the creditor should therefore be permitted to reach on such a bill the fund in the possession of the clerk of court.  The fact that the proceeding is an equitable one prevents, particularly when brought in the same court, the possibility of serious inconvenience in the administration of justice.  On the other hand, neither the dignity nor the convenience of the court can require the granting of immunity for property already in its possession. The Legislature and the court have, in enforcing the general policy to apply all property of the debtor to the payment of his debts, brought within the control of the law all other property of whatsoever nature, wheresoever situate.  *McCann* v. *Randall*, 147 Mass. 81.  *Ricketson* v. *Merrill*, 148 Mass. 76.  *Wilson* v. *Martin - Wilson Fire Alarm Co.* 149 Mass. 24.

3. The courts of other States have frequently applied the principles invoked by the plaintiff in favor of judgment creditors. Thus, where the ordinary trustee process cannot be applied to municipal corporations and analogous bodies or administrators, equitable process has been maintained against them.  *Hinsdale Doyle Granite Co.* v. *Tilley*, 10 Bissell, 572.  *Pendleton* v. *Perkins*, 49 Misso. 565.  *Luthy* v. *Woods*, 1 Mo. App. 167.  *Furlong* v. *Thomssen,* 19 Mo. App. 364.  See *Parsons* v. *McGavock*, 2 Tenn. Ch. 581; *Kinloch* v. *Meyer*, 1 Speers Eq. 427.  The fact that the person who has possession of the property is a clerk of court does not of itself render these principles inapplicable. The doctrine that property *in custodia legis* is exempt from process is, as already pointed out, one of practical convenience, and not *strictissimi juris.*  Compare *Dunlop* v. *Patterson Ins. Co.* 74 N. Y. 145.  *Drane* v. *McGavock*, 7 Humph. 132.  For the same reason, if the process is in the same court in which the

fund is held, since no inconvenience can arise, it may be sustained. See *Bowden* v. *Schatzell*, Bailey Eq. 360; *Keith* v. *Harris*, 9 Kans. 386; *Griffin* v. *Potter*, 27 Mich. 166.

4. If it be held that the bill in equity against Manning is not a proper remedy, the plaintiff should be allowed to reach the fund upon his petitions. Compare Gray, C. J., in *Columbian Book Co.* v. *De Golyer*, 115 Mass. 67.

The propriety of reaching, for the payment of debts, funds in court by means of such petitions, has been generally recognized. See *Voorhees* v. *Sessions*, 34 Mich. 99; *Weaver* v. *Cressman*, 21 Neb. 675; *Wolf* v. *Tappan*, 5 Dana, 361. The petitions may be likened to those filed by simple contract creditors in causes in which a receiver has been appointed. *McGowan* v. *Myers*, 66 Iowa, 99. *Noe* v. *Gibson*, 7 Paige, 513. Similarly, sequestrators under a writ of sequestration in England may apply to a court of equity for funds in its possession, whether deposited in the court or being administered under its direction. *Claydon* v. *Finch*, L. R. 15 Eq. 266. *Conn* v. *Garland*, L. R. 9 Ch. 101. *Slade* v. *Hulme*, 18 Ch. D. 653. So in English courts of equity, stop orders are constantly issued upon application of the creditor to prevent funds being paid out of such courts until they can be applied by proper proceedings at law. *Robinson* v. *Wood*, 5 Beav. 388. *Courtoy* v. *Vincent*, 15 Beav. 486.

*C. Cowley*, for Manning.

FIELD, J. The custody which Mr. Noble has of the moneys is the custody of the court, and he must obey the orders of the court made in the suits respectively in which the moneys have been deposited, and unless it is authorized by statute he cannot be made a party to independent proceedings, either in this court or in any other, whereby the disposition to be made of the moneys can be affected or controlled. *Columbian Book Co.* v. *De Golyer*, 115 Mass. 67. *Jones* v. *Jones*, 1 Bland, 443. *Wilder* v. *Bailey*, 3 Mass. 289. Drake on Attachment, (6th ed.) § 251.

The grounds on which *Commonwealth* v. *Hide & Leather Ins. Co.* 119 Mass. 155, was decided, show, we think, that neither the bill nor the petitions can be maintained. It is said in the opinion in that case, that the eleventh clause of the Gen. Sts. c. 113, § 2, "does not extend to property which is not in the control of the debtor, nor put by him into the custody of a

third person, but which is in the hands of officers of the law for distribution under proceedings provided by statute for that purpose." That clause is now the eleventh clause of the Pub. Sts. c. 151, § 2. The St. of 1884, c. 285, which was passed to extend the jurisdiction in this class of cases, has no language which can be held to apply to property already in the custody of a court competent to deal with and to dispose of it, and it cannot be held that the suit in equity is authorized by the statutes.

In *Wilder* v. *Bailey*, 3 Mass. 289, 296, where it was decided that money in the hands of a deputy sheriff collected on an execution not yet returnable could not be attached by trustee process against the judgment creditor, it was said by *Parsons*, C. J.: " Before a different decision can prevail, the design of the Legislature must be very clear, that any person claiming to be a creditor, when perhaps there is no color for his claim, but his real object is to assist the judgment debtor, or the officer, to detain the money, may arrest the process of a court of record issued to execute a judgment, by controlling or suspending the powers and duties of the ministers of the law, deriving their authority from precepts which they ought to obey."

In *Commonwealth* v. *Hide & Leather Ins. Co.*, *ubi supra*, the petition was filed in the suit, in which receivers had been appointed, and the attempt was made to reach a dividend in the hands of the receivers which was due to a debtor of the petitioner, and to apply it to the payment of the debt due to the petitioner. The court said: " The property of the corporation is entrusted to the receivers by the authority of the law, for the purpose of distribution among the creditors of the corporation, not among the creditors of those creditors. To undertake to determine, as incidental. to the administration of the estate of the corporation, the validity and equity of the claims of every creditor of a creditor of the corporation, would unreasonably embarrass and delay the distribution of the estate and the set-. tlement of the accounts of the receivers."

The proceedings in which the sums of money were deposited which the petitioner in this case attempts to reach were not proceedings by or for the creditors of Manning. He was compelled to deliver up drafts on which he had a lien, and the

moneys were paid into court by the plaintiffs in the suits, that the amount of his lien when determined by the court might be paid to him out of these moneys. To permit a creditor of Manning, by filing a petition, to intercept the payment therefrom of the amount due to him when determined by the court, is open to all the objections which so frequently have been stated against permitting an attachment of money which has been collected on execution by an officer, and is held by him for the purpose of delivering it to the judgment creditor. Money has been brought into court by defendants, in actions at law under the common rule from the earliest times, but creditors of the plaintiffs have never been permitted to reach it by becoming parties to or by intervening in the actions. In equity the payment of money into court by the plaintiff is often required as a condition of a decree or order, and the court ultimately determines the rights of the parties to the money so paid in. Persons who hold assignments of the interest of parties in a fund in court, or liens upon it, have been permitted in equity to appear as claimants, but creditors who have acquired neither an assignment of nor a lien on the fund have never in this Commonwealth, so far as we are aware, been permitted to intervene, and to admit them would interfere with the final determination of causes, and would convert suits in which money has been deposited in court into proceedings for the benefit of creditors of one or more of the parties. The petitioner shows neither an assignment of, nor a lien legal or equitable on, the moneys paid into court.

In the opinion of a majority of the court, the bill and the petitions must be dismissed.

*So ordered.*