CHARLES A. GREGORY vs. MERCHANTS' NATIONAL BANK
& another.

Suffolk. March 21, 1898. — May 18, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Deposit in Bank — Trust — Parties to Suit in Equity — Jurisdiction of the United States Circuit Court.*

The direct legal liability of a bank for money deposited subject to withdrawal by check is only to the depositor.

If one seeks by a bill in equity to establish a trust in a deposit in a bank, and to set up a title adverse to the depositor, the depositor is a necessary party to the suit.

Where money is deposited by order of the Circuit Court of the United States in a bank, and is held by it subject to withdrawal only upon an order of one of the judges of that court, no proper inquiry can be made as to the ownership of the fund without making the judges of the court parties to the suit; and whether the order under which it was paid was properly or improperly made cannot be determined upon a proceeding to obtain the money in another court, the Circuit Court, by virtue of a suit in equity pending therein to determine the rights of the respective claimants, having exclusive jurisdiction of the subject matter and of the parties.

BILL IN EQUITY, against the Merchants' National Bank of Boston and John G. Stetson, to obtain from the bank a sum of money received on deposit. The defendant bank demurred thereto, assigning various grounds therefor. A decree was entered sustaining the demurrer and dismissing the bill; and the plaintiff appealed to this court. The facts appear in the opinion.

*F. A. Brooks & A. S. Hall*, for the plaintiff.

*L. S. Dabney*, for the defendant bank.

KNOWLTON, J. This is a bill in equity to obtain from the defendant bank a sum of money received on deposit, amounting to $18,820, which was the proceeds of a promissory note to which the plaintiff contends that he was entitled. The note was claimed by other parties. A suit at law upon it was pending in the Circuit Court of the United States for the First Circuit, and a suit in equity was pending in the same court to determine the rights of the respective claimants of it. There was also a submission to arbitration *in pais*, by the parties to the suit in equity, of the questions arising in that suit, and an award under the submission, the effect of which was in dispute.

In this situation it was agreed by the claimants of the note that it should be delivered to John G. Stetson, Esquire, who was at that time the clerk of the Circuit Court of the United States for the First Circuit, to be retained by him subject to the joint order of the counsel of the respective claimants. Afterwards an order was entered by the court in said suit in equity, requiring Mr. Stetson to file the note in the action at law above referred to, and directing the maker of the note, the defendant in that action, upon and after the entry of the judgment therein, as follows: "To pay into the registry of this court the amount of said judgment, . . . and that said amount be held subject to the rights of the parties claiming said note, and to abide the decision of the court in this cause." Thereupon Mr. Stetson filed the note in court in accordance with the order, judgment was entered in the action at law upon the note for the sum of $18,879.96, and the defendant in the action paid into court that sum in satisfaction of the judgment. On the same day Mr. Stetson, the clerk of the court, took the money and deposited it with the Merchants' National Bank, and received from the bank a pass-book in the usual form, which showed that the money was deposited by the Circuit Court, it being designated as "No. 2,435, *Jones* v. *Swift*," which were the number and name of the action at law. All these facts are set out in the bill. A demurrer to the bill was sustained, and the case comes before us on an appeal from the decree dismissing the bill.

By the Revised Statutes of the United States, § 995, it is provided that "all moneys paid into any court of the United States, or received by the officers thereof in any cause pending or adjudicated in such court, shall be forthwith deposited with the treasurer, an assistant treasurer, or a designated depositary of the United States in the name and to the credit of such court," etc. Section 996 is as follows: "No money deposited as aforesaid shall be withdrawn except by order of the judge or judges of said courts respectively, in term or in vacation, to be signed by such judge or judges, and to be entered and certified of record by the clerk; and every such order shall state the cause in or on account of which it is drawn." Section 5504 imposes a heavy penalty upon every clerk or other officer of a court of the United States

who fails forthwith to deposit any money belonging in the registry of the court with the treasurer, an assistant treasurer, or a designated depositary of the United States, in the name and to the credit of such court.

While the bill does not expressly state that the defendant bank is a designated depositary of the United States, and that the money was deposited by the clerk in accordance with his legal duty under the statute after the money had been paid into court, the averments of the bill warrant no other legal inference.

It is well settled that the direct legal liability of a bank for money deposited subject to withdrawal by check is only to the depositor. *Carr* v. *National Security Bank*, 107 Mass. 45. *Bank of the Republic* v. *Millard*, 10 Wall. 152. *State National Bank* v. *Dodge*, 124 U. S. 333. It is equally clear that, if one seeks by a bill in equity to establish a trust in a deposit in a bank, and to set up a title adverse to the depositor, the depositor is a necessary party to the suit. To a suit in equity which has for its object the disposal of any trust fund, all known claimants of the fund must be made parties. *Williams* v. *Bankhead*, 19 Wall. 563.

The money claimed in this case was deposited by the Circuit Court of the United States, and is held by the defendant bank, subject to withdrawal only upon an order of one of the judges of that court. It is quite clear that no proper inquiry could be made in regard to the ownership of the fund without making the judges of the court parties.

But the objection to the bill lies deeper than this. The money was paid into court under an order of court, and was held by the court *in custodia legis*. Whether the order under which it was paid was properly or improperly made cannot be determined upon a proceeding to obtain the money in another court. The Circuit Court, by virtue of the pending suit in equity, had jurisdiction of the subject matter and of the parties. No other court has jurisdiction of any question pertaining to the disposition of the money which is held by that court. Claims upon the money are to be made in that court, and to be heard and determined there. This was held in *Gregory* v. *Merchants' National Bank*, 76 Fed. Rep. 683, a suit brought to obtain this same money. Any other doctrine

would be at variance with the right of control of its own business which inheres in every court of justice, and would cause uncertainty and confusion in the determination of legal rights. It is plain that this suit cannot be maintained, because the judges of the United States Court are not parties to it, and because this court has no jurisdiction to make them parties in a case of this kind, or to adjudicate upon questions which are properly cognizable only in that court. *Tuck* v. *Manning*, 150 Mass. 211. *Columbian Book Co.* v. *De Golyer*, 115 Mass. 67.

Whether the bill is fatally defective for want of other parties, on grounds intimated in *Gregory* v. *Stetson*, 133 U. S. 579, another suit to obtain possession of the proceeds of this note, it is unnecessary to determine.                      *Decree affirmed.*