### WILLISTON SEMINARY *vs.* EASTHAMPTON SPINNING COMPANY.

Hampshire.    September 20, 1904. — October 18, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Equity Jurisdiction*, To reach and apply equitable assets. *Equity Pleading and Practice*, Intervening petition.

Where the funds of a corporation are in the hands of a receiver appointed in a pending suit in equity, a creditor of a creditor of the corporation cannot maintain an intervening petition to reach and apply to his claim any dividend which the creditor of the corporation named as respondent in the intervening petition may be entitled to receive from the funds in the hands of the receiver.

PETITION TO INTERVENE in a pending suit in equity against the Easthampton Spinning Company, in which the petitioner is plaintiff, to reach and apply to the petitioner's claim against George H. Seeley, a creditor of that corporation, any dividend which Seeley may be entitled to receive from the receiver appointed in that suit.

The petitioner filed a motion to amend, and the respondent Seeley demurred to "the petition as amended."

In the Superior Court *Holmes,* J. made an order overruling the demurrer, and being of opinion that the interlocutory order so affected the merits of the controversy that the matter ought, before further proceedings, to be determined by this court, at the request of both parties, reported the case under R. L. c. 159, § 27, for such determination.

*W. B. Farr,* for the petitioner.

*J. W. Mason,* for the respondent Seeley.

BRALEY, J. The plaintiff claiming to be a simple contract creditor of the defendant, on December 16, 1898, brought in the Superior Court this bill in equity, which after alleging that the defendant was possessed of certain machinery in its factory, and of personal property "consisting of office furniture and stock, raw, wrought and in process of manufacture, located in said mills," included the further allegations that "said property has long been disused by the defendant and lies idle at the place aforesaid and is rapidly deteriorating in value"; that "the defendant gives no adequate care and attention to the property aforesaid but has neglected and abandoned the same"; "suits have been brought against said corporation . . . and said personal estate has been attached in said suits and the defendant pays no attention thereto and the same will soon mature into a preference by the lapse of four months whereby said attaching creditor will secure a great and inequitable advantage and other creditors will be greatly damaged"; and asked for the appointment of a receiver that these assets might be converted into money and applied in payment of the plaintiff's debt.

The usual preliminary proceedings were taken, and a temporary receiver appointed, whose appointment was subsequently made permanent. He took possession of the personal property of the defendant, which by his report appears to have been con-

verted into money and forms a fund from which a dividend can be paid.

Other creditors upon notice appeared and made proof of debts, and among them came George H. Seeley, who presented a claim for a large amount, but as the receiver was of opinion that some of the items contained in the proof of debt were not correct he did not approve it, and so reported to the court, with a further statement that it had been assigned June 1, 1900.

Before this report was presented, on April 30, 1900, the plaintiff filed an intervening petition alleging that it was a creditor of Seeley, and setting forth the debt, averred that he was not a resident or citizen of this Commonwealth, or amenable to legal process, and except his claim against the defendant he had no property that could be reached by attachment, or otherwise, and praying that any dividend that ultimately might be payable to him should be applied in satisfaction of the debt he owed the petitioner. To this petition he entered a general appearance by counsel, and filed an answer denying any indebtedness, or that a case had been stated which entitled it to equitable relief.

November 7, 1900, on application of the receiver, a special master was appointed, under a decree afterwards enlarged, that required him to pass upon disputed claims of creditors and " upon all matters relating to the equitable trustee process ", which must be construed to mean the issue raised by the intervening petition. Several hearings took place before him, but no report has been filed.

While the case as thus made up was pending under the reference, the petitioner asked leave to amend its petition by adding a new paragraph restating the account, and increasing the amount alleged to be due. To the petition as thus amended Seeley demurred, assigning nine causes of demurrer why the petition could not be maintained, and the demurrer having been overruled, the case was reported to this court under R. L. c. 159, § 27.

It is the petitioner's contention that the original bill is to be treated as a " creditors' bill as long known in chancery, seeking to have the property of the defendant corporation taken into the possession of the court which shall adjudicate upon the rights and priorities of the various creditors, and make a fair and equitable distribution of the assets among such creditors. . . . The

relief sought is of such a nature that it must be regarded as a bill by one creditor in behalf of all the creditors to subject the property of the defendant to the claims of all the creditors, those claims to be equitably determined by the court of equity."

But this important question has not been argued, and we express no opinion upon it, as it is not open on the report.

The intervening petition, however, is a separate and distinct suit from the original bill, though filed in the same cause, and while it need not be as formal as a bill of complaint, it should set forth all the material facts on which the petitioner relies, and affirmatively show that the court has jurisdiction of the parties and the subject matter, and as the demurrer admits all its substantial allegations they must be taken as true, and the question to be determined is whether a case is stated which entitles the petitioner to the relief asked.

We find an embarrassment in dealing with the demurrer because the amendment is only a further specification of the debt for the purpose of properly establishing it before the master, and as its allowance rested solely in the discretion of the court, no jurisdictional question was involved. Neither does it appear that any order was made disposing of the amendment, and on the technical record alone the original petition stands unaffected by it. But as the parties, and the judge who made the report evidently considered that the demurrer was to the petition as amended, we adopt this course in our disposition of the case presented and argued.

If the petition can be maintained it must be treated as in the nature of an equitable trustee process, for the receiver before the decree of distribution had been entered could not be charged as trustee in an action at law against a creditor of the company, nor could the company be held as its property by a decree of the court was in the possession of the receiver. *Columbian Book Co.* v. *De Golyer*, 115 Mass. 67. *Phœnix Ins. Co.* v. *Abbott*, 127 Mass. 558. See Pub. Sts. c. 183, § 24.

While the dividend which ultimately may be declared and paid on the claim of Seeley is not in his possession or control, and he is entitled in common with other creditors to an accounting from the receiver, yet there is a clear distinction between a case where the property sought to be reached and applied is

held by those who are under some contractual obligation to account for it to the debtor, and that where the possession and control is that of a tribunal established by law to convert it into money for the purpose of distribution among the creditors of the original debtor.

In the performance of this function neither the court, nor its representative, the receiver, is charged primarily with any duty to ascertain whether the petitioner is a creditor of any person who is entitled to share in such distribution, and to make payment to it in whole or in part of any dividend coming to its debtor. *Commonwealth* v. *Hide & Leather Ins. Co.* 119 Mass. 155. *Tuck* v. *Manning,* 150 Mass. 211.

It has been said that if a creditor has made an assignment of his interest in any dividend which may be coming to him, or liens have been created upon his interest in the fund held by the court, those who succeed to his rights are generally allowed to appear as claimants, and establish their claim to his share of the fund. *Tuck* v. *Manning, ubi supra.*

But with this exception creditors of a creditor as such have no corresponding right, and are not permitted to intervene.

The principal object of a receivership as a remedial agency when used by our courts in bills in equity by judgment creditors, and bills brought under R. L. c. 159, § 3, cls. 7, 8, is to afford prompt and efficient relief, and this might in many instances be seriously impaired, if not destroyed, if the privilege of intervening was held to include a class of creditors to whom the petitioner belongs. If this privilege is extended to them it would delay the determination of causes, and lead to unnecessary and prolonged litigation, and increased expense in the winding up of estates which are being marshalled, and cause delay to those entitled to a speedy and final settlement of the accounts of receivers, and payment to them of their share of the estate of the debtor.

As the petitioner shows no claim to the fund which he seeks to reach except the bare fact that the proving creditor is its debtor the demurrer must be sustained, and the petition dismissed.

*Decree accordingly.*