## PARNAG A. ADAMIAN vs. MEHMET HASSANOFF.

Suffolk.   November 29, 1904. — September 22, 1905.

Present: KNOWLTON, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Equity Jurisdiction*, To reach and apply equitable assets.

If goods of a debtor are in a warehouse subject to the payment of United States custom duties and are represented by a warehouse receipt in the hands of a receiver appointed by the Superior Court in two suits in equity under R. L. c. 159, § 3, cl. 7, to reach and apply the debtor's interest therein to the claims of the respective plaintiffs, another creditor may maintain a third suit under the same statute against the same defendant in the Superior Court, which already has custody of the defendant's interest in the goods, to reach and apply that interest, subject to the claims in the other suits, in payment of the defendant's debt to the plaintiff.

KNOWLTON, C. J.   This is a bill in equity brought under the R. L. c. 159, § 3, cl. 7, to reach and apply property of the defendant which cannot be reached to be attached or taken on execution in an action at law.   The property was a quantity of oriental rugs in a storage warehouse, upon which there was· a lien for import duties due the United States government, ˙and another lien for warehouse charges.   Three actions at law had successively been brought against the defendant by other creditors, on each of which there had .been an attempted attachment of the rugs by trustee process.   The warehouse receipt for the goods was held in pledge by one of these plaintiffs.   Probably because of obvious difficulties in sustaining the attachment, the plaintiff, Bakshian, on January 20, 1902, changed his action from an action at law to a suit in equity to establish an equitable lien in his behalf against the rugs of the defendant in the bonded warehouse, in which he prayed for a receiver to make payment of the duties, and for the surrender to the receiver of the warehouse receipt then held by the plaintiff Bogigian as a pledgee. On January 31, 1902, by agreement of the parties, a decree was entered restraining the defendant from disposing of the goods, and transferring the suits brought by Bogigian and Manuel, respectively, to the equity side of the court, to be considered in

connection with the suit in equity of Bakshian, with leave to amend their pleadings, and referring all of the cases to a master. In the suit of *Manuel* v. *Hassanoff* the finding of the master was for the defendant, and that case was not further pressed. Afterwards, upon the failure of the defendant to file bonds to settle the claims of the other two plaintiffs, the court appointed a receiver to take possession of the goods and hold them, subject to the further order of the court, and the defendant was ordered to sign such papers as would enable the receiver to take possession of them and discharge them from the existing liens upon them. The court ordered the discharge of the trustees in the suits, and authorized the receiver to obtain a warehouse receipt for the goods in his name as receiver, and to transfer them to another warehouse, subject to the United States custom duties thereon, and to impound the warehouse receipts in the office of the clerk of the court. This having been done, the receiver was relieved from the obligation of giving a bond. Afterwards, upon applications of the defendant at different times, the defendant was permitted to withdraw the goods upon his depositing in the office of the clerk sums amounting in the aggregate to $2,300, to be held to satisfy any judgment obtained against him in the cases of Bakshian and Bogigian against him, and also to satisfy any judgment obtained by this plaintiff, Adamian, if it should be determined that he is entitled to share in the goods, or the money substituted for them, and to satisfy the charges of the receiver, and of the defendant's counsel. The suit of this plaintiff was brought after the appointment of the receiver and the impounding of the receipt, but before the deposit of the money. On February 8, 1904, an order was made that this case be heard in connection with the other cases. The question before us arises upon an appeal from a decree, afterwards entered, sustaining the defendant's demurrer and dismissing the bill.

The provision of the R. L. c. 159, § 3, cl. 7, is very broad and inclusive as to the property which may be reached by this equitable process. There is no doubt that, at the time of the filing of this bill, the property of the defendant could not be come at to be attached in an action at law. It was within the language of the statute, and within the purpose of the Legislature in enacting the statute. It should, therefore, be held for the plaintiff

by a court of equity, unless there is some good reason for declining to hold it. It is said that it is in the custody of the law, and therefore cannot be taken for the satisfaction of the defendant's debts. But the rule that property *in custodia legis* cannot be reached by a creditor is not a rule *strictissimi juris*, but is founded on convenience, and is subject to exceptions. Personal property held by an officer under attachment is *in custodia legis*, yet the same officer can make any number of successive attachments upon it for different plaintiffs. No other officer can attach it, because, being in the hands of the law, it is beyond his reach.

The cases in which it has been held that property cannot be reached by a creditor on a bill in equity are all founded on reasons that do not exist in this case. A court cannot interfere with property which is in the control of another court. That was the ground of the decisions in *Columbian Book Co.* v. *De Golyer,* 115 Mass. 67, in *Gregory* v. *Merchants' National Bank,* 171 Mass. 67, and *Gregory* v. *Boston Safe Deposit & Trust Co.* 173 Mass. 419. That would be a sufficient reason for refusing this plaintiff relief, if he had brought his suit in the Supreme Judicial Court. It has also been held that, where a court is administering a fund for distribution among creditors who are entitled to it, it would be too great an embarrassment of the regular proceedings to permit a creditor of one of these creditors to come into court and litigate his claim against the creditor who is primarily entitled to share in the fund. That was the ground of the decision in *Commonwealth* v. *Hide & Leather Ins. Co.* 119 Mass. 155, and *Williston Seminary* v. *Easthampton Spinning Co.* 186 Mass. 484. *Tuck* v. *Manning,* 150 Mass. 211, although differing somewhat in its facts, was brought within the same general principle. But the present case is of a different kind. It presents analogies to the rule which allows successive attachments to be made in favor of different creditors upon the same property by the same officer. The property in this case is held by the court, under what is often called an equitable attachment, for two creditors in different suits. Another creditor comes into the same court and asks to have a similar attachment put upon it for his benefit. This additional attachment would not delay the proceedings in the other suits, or introduce any new question

into them. The proceedings in those would go on to a determination, without reference to the last claim. If the question should arise whether the plaintiffs in them should be held to have acquired liens that take precedence of this plaintiff's claim, in case the property should be insufficient to pay all of them in full, it would be decided according to the law applicable in such cases. But the possibility that such a question may arise is not a reason why the property should not be held subject to appropriation to the payment of the defendant's debts, so long as any of it remains. The fact that the property is held by the court, for the payment of claims in litigation there, is no good reason why the court should refuse to permit others, having like claims, to come in and obtain their pay from the same property, if there is enough for all.

We are of opinion that the case is within the statute.

*Decree reversed and demurrer overruled.*

*W. B. Grant*, for the plaintiff.

*D. A. Ellis & M. D. Abrams*, for the defendant.