BERLIN MILLS COMPANY *vs.* WILLIAM S. LOWE & others.

Suffolk.   December 7, 1911. — January 9, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Equity Jurisdiction,* To reach and apply equitable assets, Property in the custody of the law.

Money in the custody of a clerk of court, which was paid into court under R. L. c. 173, § 37, by the defendant in an action of law, not brought for the benefit of creditors, to which the plaintiff in that action is entitled and which belongs to her husband, cannot be reached and applied by a creditor of such husband in a suit in equity under R. L. c. 159, § 3, cl. 7.

BILL IN EQUITY, filed in the Superior Court on July 14, 1911, under R. L. c. 159, § 3, cl. 7, alleging that the defendant William S. Lowe as the indorser of certain promissory notes owed the plaintiff the sum of $817.04, and that said defendant was the lawful owner of $866.97 in cash, which was in the custody of the clerk of the Superior Court, although such fund was claimed by the defendant Margaret H. Lowe, as stated in the opinion; praying that the plaintiff's claim might be established, that the defendants Margaret H. Lowe and William S. Lowe, and also the counsel for William S. Lowe, who was made a defendant, might be restrained from collecting said fund in the custody of the clerk of the court or from making any transfer or assignment of such fund, that judgment in the action in which such fund was held might not be entered and that such action might be continued for judgment until the determination of this suit, that it might be decreed that the defendant William S. Lowe was the owner of said fund in the custody of the clerk of the court and that the plaintiff was entitled to be paid its claim out of said fund, and that an order might be issued

directing the clerk of the court to pay the plaintiff's claim and costs out of said fund in so much as it might be found to be sufficient therefor.

The three defendants severally demurred to the bill. There was a stipulation of the parties that the fund paid into court in the case of Margaret H. Lowe *v.* India Mutual Fire Insurance Company, which was the action referred to above, should remain in the custody of the clerk of the court until final disposition was made of this case.

The case was heard upon the demurrers of the defendants by *Hardy*, J., who made a final decree that the bill be dismissed. The plaintiff appealed.

*C. W. Dealtry*, for the plaintiff.

*L. L. G. de Rochemont*, for the defendants.

SHELDON, J. The money which the plaintiff seeks, under R. L. c. 159, § 3, cl. 7, to reach and apply as the property of William S. Lowe standing in the name of his wife Margaret H. Lowe, is in the custody of the law. She had brought an action in the Superior Court against an insurance company for the amount which had become due under a policy of insurance and to which she alleged that she was entitled. The insurance company admitted its liability, and by leave of court paid into court the amount claimed, under R. L. c. 173, § 37; and a third party, upon notice issued to him, appeared and claimed that the money was due to him, and he was substituted for the defendant in that action. Afterwards he withdrew his claim, and it was dismissed by an agreement between him and Mrs. Lowe. Accordingly in that action she has maintained her right to the fund; she would be entitled to judgment against the insurance company if it had not paid the money into court; and so far as that case is concerned she is entitled to have the money paid to her. The money is in the custody of the clerk of the Superior Court. The question is whether the plaintiff can reach and apply it to the payment of its demand against her husband; and that depends upon whether the fund, because in the custody of the law, is beyond the reach of creditors of her husband.

As to Mrs. Lowe, the fund has been paid into court without her consent, upon the application of the insurance company which on paying it into court ceased to be a party to her action. As it now

appears, she was entitled to a judgment and execution for the amount of her claim, but the order of the Superior Court, made under the authority of the statute (R. L. c. 173, § 37), took that right away from her and substituted a right to this fund if she should show herself entitled thereto. As to her, it was not voluntarily paid into court.

In our opinion this case must come under the general principle that property which is held in the custody of the law is not liable to legal or equitable attachment. It is within the doctrine of *Tuck* v. *Manning*, 150 Mass. 211. As in that case, the fund is in the custody of the clerk of the court, and he must obey the orders of the Superior Court, to be made, not in this suit, but in the original action in which the money was paid into court. As in that case, the money was paid into court voluntarily by the persons who paid it, by the general owners of the drafts in that case in order to comply with the condition upon which they could obtain immediate possession of their drafts, by the insurance company here in order to relieve itself from the burden and expense of litigation in which it finally would have been defeated. Here, as in that case, the fund is in the hands of a court which is competent to deal with it and to dispose of it; and there is nothing in our statutes which expressly authorizes the maintenance of a bill like this or runs counter to the general rule as to property which is in the custody of the law. Here as in that case it has been judicially determined in the original case to whom the fund belongs, in that case to Manning, in this case to Mrs. Lowe. Here, as in that case, the bill was brought in the same court which had the general custody of the fund. Here, as in that case, the proceedings in which the money was paid into court were not brought by or for the creditors of the party now pursued. And finally, as in that case so in this, to permit a creditor to intercept the payment of the amount which has been found to be due to her is open to all the objections which were stated in that opinion. And see the cases there cited. The only substantial difference is that in that case it was a creditor of Manning who sought to reach the fund and who would have been bound only to prove that indebtedness, while here it is a creditor of Mrs. Lowe's husband, and so in a hearing on the merits he must prove not only the alleged indebtedness but also his right to subject to the payment of his demand

property standing in the name of his debtor's wife. This plaintiff is distant one further remove from the fund which he wishes to reach than was the plaintiff in *Tuck* v. *Manning.* That cannot be made the ground of a distinction in his favor.

We find nothing in our own decisions at variance with our conclusion. Certainly the case of *Adamian* v. *Hassanoff,* 189 Mass. 194, is not so. That was decided by analogy to the case of successive attachments by the same officer of the same property in actions by different plaintiffs, R. L. c. 167, § 41, an analogy which does not exist here. Moreover that case differed both from *Tuck* v. *Manning, ubi supra,* and from the case at bar, in that the original actions in *Adamian* v. *Hassanoff* were instituted by and for creditors of the defendant, and the court had taken control of the fund for the benefit of such creditors.

It may be a question for the Legislature whether the rule should not be altered; but we feel bound by the decision in *Tuck* v. *Manning, ubi supra.*

The demurrers were rightly sustained, and the decree of the Superior Court dismissing the bill must be affirmed.

*So ordered.*