GEORGE R. WALLACE *vs.* THOMAS P. COYNE & another & trustees.

Worcester.    May 20, 1918. — June 24, 1918.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Trustee Process.    Impounded Property.*

Property impounded by order of a police court for the purposes of the prosecution of a complaint "until further order of said court" cannot be reached by trustee process until the impounding has been brought to an end by a further order of the court.

In order to reach such impounded property by an attachment on trustee process it is not enough to show that the proceedings in which the property was impounded have been disposed of and that the time has come to bring the impounding order to an end. It is necessary to show that the further order of the police court has been made which alone can terminate the impounding.

The fact, that the district attorney who had charge of the prosecution in which the property was impounded was willing that the impounding should be ended, does not show that it has been ended.

*Whether* property impounded by such an order of court is held by its custodian as a public officer who is accountable for it merely as such officer within R. L. c. 189, § 31, cl. 3, it here was not necessary to consider.

TORT by George R. Wallace of Fitchburg against Thomas P. Coyne and Maurice J. Farrell, for the alleged conversion to their own use of certain jewelry, the property of the plaintiff, David W. Tinsley and Bernard H. Flaherty and the Safety Fund National Bank being summoned by trustee process as trustees. Writ dated October 30, 1917.

Tinsley and Flaherty, summoned as trustees, alleged in their answer "that, at the time of the service of the plaintiff's writ upon them, they had not in their hands or possession any goods, effects or credits of the said defendants, unless the court upon the following statement of facts shall decide otherwise. And further answering, the said trustees say that they received and are now holding, under an order for impounding made by the Police Court of Fitchburg in the cases of Commonwealth *vs.* Thomas P. Coyne and Commonwealth *vs.* Maurice J. Farrell, dated November 29, 1916, certain jewelry which was taken from the said Coyne and Farrell at the time of their arrests, a list of which is hereto annexed; that said order your trustees aver and believe was confirmed by the

Superior Court, and has never to the knowledge of the said trustees been modified or vacated." Here followed a list of jewelry.

A supplemental answer of the trustees added copies of the petitions of the chief of police of the city of Fitchburg on which the orders impounding the jewelry were made, stating that the jewelry was found upon the persons of the two defendants upon their arrests on complaints for breaking, entering and larceny. The supplemental answer continued as follows: "And further answering, the trustee Flaherty says that on the day upon which the trustee writ was served upon him in this case, and previous to the service of said writ, he had called Edward T. Esty, the district attorney for Worcester County in whose district said Coyne and Farrell had been prosecuted and convicted, on the telephone, and asked Mr. Esty if there was any reason why the jewelry taken from Coyne and Farrell and held by him should not be turned over to Coyne and Farrell, or their attorneys, if demanded from him, and that at this time Mr. Esty, in his capacity of district attorney and acting as such for the government, stated that as district attorney he saw no reason why the said jewelry should not be turned over to the attorneys for Coyne and Farrell if demanded from the said Flaherty; that this jewelry about which the trustee Flaherty inquired of district attorney Esty was the jewelry a list of which is attached to the trustees' answer, and further that said jewelry is not the jewelry or goods alleged to have been stolen from the house of one Wallace, and for the larceny of which the said Coyne and Farrell were tried and convicted.

"And further answering, the trustees answer that at the time of the service of the plaintiff's writ upon them the defendants Coyne and Farrell had been convicted and sentenced in the Superior Court for the county of Worcester upon an indictment charging them with breaking, entering and larceny, as is more particularly shown by the records of said court, and that said sentence had been affirmed by the overruling of the defendants' exceptions in the Supreme Judicial Court on October 20, 1917, which date was prior to the service of the plaintiff's writ, in accordance with the opinion of said court in the case of *Commonwealth* v. *Coyne,* 228 Mass. 269."

The trustees moved that they be discharged upon their respective answers. The motion was heard by *Wait,* J., who made an

order that the trustees be discharged upon their answer and supplemental answer. The plaintiff appealed.

The case was submitted on briefs.

*C. C. Milton & F. L. Riley,* for the plaintiff.

*J. M. Hoy, E. P. O'Connell & D. J. McNerney,* for the defendants.

LORING, J. The question in this case is whether certain jewelry impounded by an order of a Police Court "for the purposes of prosecution of this complaint until further order of the said court" can be reached by trustee process in another court before the impounding order has been brought to an end. The Superior Court held that it could not and the plaintiff took the appeal which is now before us.

The appeal is founded on the fact that the principal defendants (from whose persons the jewelry was taken when they were arrested on the complaint made to the Police Court in question) had been indicted, convicted and sentenced in the Superior Court for the crime on which the complaint to the Police Court was founded and that sentence had been affirmed by this court. But that fact goes no further than to show that the time had come for the Police Court to bring its impounding order to an end. The obstacle was that until the impounding order had been brought to an end the jewelry was in the possession and control of the Police Court and so not subject to be taken on a writ issuing out of another court. *Columbian Book Co.* v. *De Golyer,* 115 Mass. 67. *Tuck* v. *Manning,* 150 Mass. 211. *Gregory* v. *Merchants' National Bank,* 171 Mass. 67. The personal property in question in *King* v. *Ham,* 6 Allen, 298 (the case mainly relied on by the plaintiff) was taken and kept by the arresting officer of his own motion and not under an order of court.

The plaintiff also has urged in support of his appeal that on the day on which the trustee writ was served and before the service of that writ one of the trustees had asked the district attorney who conducted the prosecution of the principal defendants in the Superior Court, whether there was any reason why the jewelry should not be turned over to the principal defendants if they made a demand for it and that the district attorney "in his capacity of district attorney and acting as such for the government, stated that as district attorney he saw no reason why the said jewelry should not be turned over to the" principal defendants if demanded of the

trustees. But that did not remove the obstacle. At most it showed that the district attorney was willing· that the obstacle should be removed.

It is not necessary to consider the further defence set up, namely: That the jewelry was in the hands of persons as public officers for which they were accountable to the principal defendants as such officers within R. L. c. 189, § 31, cl. 3, as to which see *Gregory* v. *Boston Safe Deposit & Trust Co.* 173 Mass. 419; *Berlin Mills Co.* v. *Lowe,* 211 Mass. 28, 30; *Travelers Ins. Co.* v. *Maguire,* 218 Mass. 360.

The decisions of our own court referred to above are decisive of the question now before us. It is not necessary to examine in detail the cases in other jurisdictions relied on by the plaintiff.

*Order discharging trustees affirmed.*