# EL BANCO POPULAR DE ECONOMIAS Y PRESTAMOS DE SAN JUAN, PORTO RICO, Complainant,

## *v.*

# E. B. WILCOX AND ANOTHER, Dfts.

San Juan, Equity, No. 1010.

DISSOLUTION OF ATTACHMENT IN THE SAME COURT.

Attachment—Equity.
> A fund in court is not subject to attachment, but a fund held in one case can be subjected in another case in the same court.

Opinion filed April 7, 1919.

*Mr. J. P. Savage* for defendants.

*Mr. H. G. Molina* for plaintiffs.

HAMILTON, Judge, delivered the following opinion:

The motion is made to dissolve the attachment proceedings on the ground that a fund in court is not subject to attachment, and in support of this proposition are cited the following cases: The Lottawanna (Wilson v. Bell), 20 Wall. 201, 22 L. ed. 259; Covell v. Heyman, 111 U. S. 176, 28 L. ed. 390, 4 Sup. Ct. Rep. 355; Jones v. Merchants Nat. Bank, 35 L.R.A. 698, 22 C. C. A. 483, 33 U. S. App. 703, 76 Fed. 683; United States v. Eisenbeis, 88 Fed. 4; Corbitt v. Farmers' Bank, 114 Fed. 602; D. B. Martin Co. v. Shannonhouse, 203 Fed. 517; Tuck v. Manning, 150 Mass. 211, 5 L.R.A. 666, 22 N. E. 1001; Curtis v. Ford, 78 Tex. 262, 10 L.R.A. 529, 14 S. W. 614, 4 Cyc. 569.

There can be no question about the principle contended for, but the court is of opinion that it is inapplicable to the case at bar. The attachment proceedings in Porto Rico are broader than is usual in the state procedures, and moreover the so-called attachment now in question was had in a suit in equity. It is not, therefore, precisely a case of attachment, for equity has its own procedure and there is a difference from that at law.

The real question to be decided is whether this court in this case can direct a fund, coming to it but developed in another case, to be held to await the result of the present proceedings. It is not conceived that the powers of a court of equity are so limited as not to reach the case, and it would be a subject of

El Banco Popular de Economias y Prestamos v. Wilcox. .

regret if such result would follow. There can be no doubt that a court of equity has the necessary power, and therefore the fund was properly attached in the case at bar.

The cases cited, it may be added, refer to conflict of jurisdiction between Federal and state courts. This does not apply in the case at bar. There is no conflict of jurisdiction in this court's decrees; its clerk in all cases can hold for future disposition property already in custodia legis in another case, for both are in the same court and on the same side of the docket. Moreover, any application must be more seasonably made than the present one. An application to dissolve an attachment should not be delayed several terms of court as in the case at bar, unless through unavoidable reasons, which do not appear. The motion is therefore denied.

It is so ordered.